UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON FEDERAL SAVINGS BANK, )<br><br>Plaintiff, )<br><br>v. )<br><br>MICHELE A. DEANGELIS, )<br>HAROLD B. MURPHY, TRUSTEE, )<br>CHAMPION MORTGAGE CO., INC., )<br>SHAUN CARVELLI D/B/A/ARTISTIC )<br>INTERIOR, ELLEN R. MARCUS, MARK T. )<br>COLLINS, MASSACHUSETTS DEPT. )<br>OF REVENUE, AND THE INTERNAL )<br>REVENUE SERVICE, )<br><br>Defendants. ) | CIVIL ACTION<br>NO. 04-10474-GAO<br><br><br>Formerly<br>Suffolk Superior Court<br>C.A. No. 04-0305 |

## REPLY BRIEF IN RESPONSE TO UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION TO DEPOSIT IN COURT AND TO DISMISS PLAINTIFF

This is an interpleader action in which the Plaintiff has moved to deposit in court the proceeds of a foreclosure sale. One of the defendants, the United States (Internal Revenue Service), has removed this action from Superior Court to United States District Court and now opposes Plaintiff's motion on the grounds that Plaintiff's attorney's fees are higher than normal and that Plaintiff has not completed its work in this case. Essentially the United States' position is that a disinterested stakeholder should never be dismissed from a case and should never be awarded attorneys' fees and costs. Because this is not the state of the law, Plaintiff files this reply brief.

In Massachusetts, costs and attorney's fees are regularly awarded in interpleader actions to a disinterested plaintiff at the court's discretion. "The general practice in this circuit is that 'an interpleader fee is usually awarded out of the fund to compensate a totally disinterested stakeholder who has been, by reason of the possession of the fund, subjected to competing claims through no fault of his own.'" *Foxborough Sav. Bank v. Petrosian*, 84 F. Supp. 2d 172, 174 (D. Mass. 1999).

Courts have articulated the test as follows:

> In setting a reasonable award of attorneys' fees and costs, courts typically consider the nature of the attorneys' work and the amount of time devoted to it. This analysis may include an evaluation of the following factors: (1) whether the case is simple or involved; (2) whether the stakeholder performed any unique services for the claimant or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the services rendered benefited the stakeholder; and (5) whether the claimants improperly protracted the proceedings.

*Smith, Barney, Harris, Upham & Co., Inc. v. Connolly*, 887 F. Supp. 337, 346 (D. Mass. 1994) (internal citations omitted). "The court, however, will not permit attorneys' fees and costs resulting solely from [a plaintiff's] pursuit of its own interests." *Id.*

In the present case, Plaintiff is a disinterested stakeholder who should be dismissed from the case and awarded reasonable attorneys' fees and costs. The interpleader action has not been simple, a fact that can best be represented in that there are currently eight separate defendants that have a potential claim to the sale proceeds, one of which removed the interpleader action into this Court. In addition, Plaintiff acted in good faith and has not improperly protracted these proceedings.

Moreover, the test for whether a plaintiff may be discharged from a case is *disinterestedness*. "A discharge in interpleader 'permits the neutral stakeholder having no claim to the subject matter of the action, to retire from the action and requires competing claimants to

interplead their claims.'" *Aon Corp. Accidental Death & Dismemberment Plan v. Hohlweck*, 223 F. Supp. 2d 510, 514 (S.D.N.Y. 2002); *see also Southtrust Bank of Fla. v. Wilson*, 971 F. Supp. 539, 542 (M.D. Fla. 1997) ('"It is a generally accepted principle that a disinterested stakeholder filing an action in interpleader may be dismissed from the case, discharged from further liability, and, in the court's discretion, awarder attorneys' fees and costs'"); *Gen. Elec. Capital Assurance v. Van Norman*, 209 F. Supp. 2d 668 (S.D. Tex. 2002) (Stakeholder entitled to discharge from any liability in an interpleader action, when defendants did not oppose the motion and there was no longer any material controversy involving the stakeholder).  Having filed this action and having no interest in the proceeds at issue, Plaintiff ought not be required to continue to perform actions in this case (for which in the United States' view it should not be paid).

For the reasons stated above, Plaintiff's should be discharged from the case and awarded reasonable attorney's fees to compensate the disinterested stakeholder.

Respectfully submitted,

BOSTON FEDERAL SAVINGS BANK,
By its attorneys,

Adam J. Ruttenberg, BBO 553158
P. Andy Henderson, Jr. BBO 655891
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

Dated: May 19, 2004