UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                                        FILED

                                                  2004 AUG -2  P 3: 76

                                                     DISTRICT COURT
                                                      DISTRICT OF MASS
```

| | |
|---|---|
| BOSTON FEDERAL SAVINGS BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 04-10474-GAO |
| v. | ) |
| | ) |
| MICHELE A. DEANGELIS, | ) |
| HAROLD B. MURPHY, TRUSTEE, | ) |
| CHAMPION MORTGAGE CO., INC., | ) |
| SHAUN CARVELLI D/B/A ARTISTIC | ) |
| INTERIOR, ELLEN R. MARCUS, | ) |
| MARK T. COLLINS, | ) |
| MASSACHUSETTS DEPARTMENT OF | ) |
| REVENUE, and INTERNAL | ) |
| REVENUE SERVICE, | ) |
| | ) |
| Defendants. | ) |

UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO DEPOSIT IN COURT AND TO DISMISS PLAINTIFF

The Plaintiff has brought this interpleader action following the foreclosure of real property formerly owned by Michele DeAngelis. The Plaintiff has brought this action to obtain court direction to dispose of the surplus funds following the foreclosure.

At this time, the United States opposes the Plaintiff's motion to deposit the surplus funds into court and to withdraw. The ground for this opposition is that the Plaintiff still has not submitted Proof of Service on each of the defendants.

On June 1, 2004, Plaintiff submitted a two-page document to the Clerk's Office. That document is comprised of a cover letter

1

to Harold B. Murphy and a summons issued to Harold Murphy. In the
cover letter to Mr. Murphy, counsel for the Plaintiff states
"Pursuant to our conversation today whereby you agreed to accept
service of process in the above matter, enclosed please find a
Complaint and Summons."

This two-page document does not qualify as proper service
upon the defendant, Harold B. Murphy. Although Mr. Murphy has
not responded, no party could move to default Mr. Murphy based
upon what has been filed with the Court.  Rule 4(d) of the Rules
of Civil Procedure sets forth what is required for a waiver of
service of process.  Rule 4(d)(2) provides:

> To avoid costs, the plaintiff may notify such a
> defendant of the commencement of the action and request
> that the defendant waive service of a summons. The
> notice and request
>
> (A) shall be in writing and shall be addressed
> directly to the defendant ...
> (B) shall be dispatched through first-class mail
> or other reliable means;
> (C) shall be accompanied by a copy of the
> complaint and shall identify the court in which it
> has been filed;
> (D) shall inform the defendant, by means of a text
> prescribed in an official form promulgated
> pursuant to Rule 84, of the consequences of
> compliance and of a failure to comply with the
> request;
> (E) shall set forth the date on which the request
> is sent;
> (F) shall allow the defendant a reasonable time to
> return the waiver, which shall be at least 30 days
> from the date on which the request is sent, or 60
> days from that date if the defendant is addressed
> outside any judicial district of the United
> States; and
> (G) shall provide the defendant with an extra copy

2

> of the notice and request, as well as a prepaid
> means of compliance in writing.

In the cover letter, there is no mention of waiver being sent to
Mr. Murphy or that the Plaintiff supplied Mr. Murphy with a
pre-paid means of complying.  Rule 4(d) does not require
defendants to waive service of process.  The advisory committee
notes on the 1993 Amendments to Rule 4(d) make clear that service
cannot be "effected by mail without the affirmative cooperation
of the defendant," and explicitly state that "transmission of the
notice and waiver forms ... does not purport to effect
service...." Fed.R.Civ.P. 4(d) advisory committee's note.[1]  The
advisory committee notes further provide that unless there is
ample time in which to effect service, the plaintiff should
proceed directly to the formal methods of service. See
Fed.R.Civ.P. 4(d) Advisory Committee Note.

There is nothing on file with the Court that Harold Murphy
has waived service of process.  This is important because if the
Plaintiff is permitted to withdraw from the case without serving
all of the defendants, the remaining defendants will be
prejudiced in attempting to resolve this case.  The Plaintiff
should not be permitted to withdraw all named parties have been
served with process or waived that process.

As a further note, the Plaintiff has not requested that a

---

[1] It does not appear that Plaintiff even provided the defendant with a
waiver form.

single party be defaulted who has failed to answer or otherwise
respond.

The United States noted in its previous (two-page)
opposition to the Plaintiff's original motion to deposit funds
into that the counsel fees of $3,479.21 appeared to be higher
than the regular counsel fees for other interpleader plaintiffs.

Following the United States' opposition to the Plaintiff's
motion to deposit, Plaintiff's counsel has incurred another 15.4
hours on this case and incurred additional legal fees and costs
of $2,916.62 for a current claimed amount of $6,395.83.  This
claimed amount appears excessive, especially considering that not
all of the parties have served with process.

MICHAEL J. SULLIVAN
United States Attorney


STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565
stephen.j.turanchik@usdoj.gov

4

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Response to Plaintiff's Motion to Deposit in Court and To Dismiss Plaintiff has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 30th day of July, 2004:

Michele DeAngelis
c/o David C. Levin, Esq.
875 Southern Artery
Quincy, MA 02169

Walter B. Sullivan
80 Washington Square, Suite 7
Norwell, MA 02061

Harold B. Murphy, Trustee
Hanify & King, P.C.
One Beacon Street
Boston, MA 02108-3107

Ellen R. Marcus
110 Clark Road
Brookline, MA 02446

Adam J. Ruttenberg, Esq.
Looney & Grossman, LLP
101 Arch Street
Boston, MA 02110

Mark T. Collins
329D Boston Post Road
Sudbury, MA 01776

Edward P. McCarthy, Esq.
Rosen & McCarthy, LLP
4 Whittier Road
Natick, MA 01760

STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6565